**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0069n.06

Case No. 18-5652

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Feb 12, 2019
DEBORAH S. HUNT, Clerk

CHRISTINE ADAIR, RODNEY KILGORE, )
and WILLIAM KILGORE, )
)
    Plaintiffs-Appellants, )
)
v. )
)
JOHNNY HUNTER and JESSIE BROOKS, )
)
    Defendants-Appellees. )

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
TENNESSEE

BEFORE: COLE, Chief Judge; BATCHELDER and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** This appeal arises from a business arrangement for services to tow motor vehicles from the highway between three wrecker services and the Tennessee Highway Patrol. Plaintiffs Christine Adair, Rodney Kilgore, and William Kilgore appeal the district court's grant of summary judgment in favor of Defendants Johnny Hunter and Jessie Brooks in their civil rights action seeking damages for alleged violations of their First and Fourteenth Amendment rights. Plaintiff Christine Adair appeals the district court's decision as to her claim under 42 U.S.C. § 1983, which alleges that her right to equal protection under the Fourteenth Amendment was violated when Defendant Hunter repeatedly harassed her on the basis of her gender. Plaintiffs Rodney Kilgore and William Kilgore also appeal the district court's decision as to their claim under the Fourteenth Amendment, which alleges the defendants

violated their rights under the Due Process Clause by removing their wrecker companies from the state-run towing rotation list without any process or procedure. Additionally, they appeal their claim under the First Amendment, which alleges the defendants retaliated against them after they exercised their First Amendment right to free speech.

The district court granted the defendants' motion for summary judgment, finding that Plaintiff Christine Adair's equal protection claim is without merit because the defendants' isolated comments concerning her gender—but without any other harassment or constitutional violation—did not "rise to the level of constitutional magnitude." *See Adair, et al. v. Hunter*, 1:16-cv-3 at *15 (E.D. Tenn., June 18, 2018) (citing *Owens v. Johnson*, 2000 WL 876766, at *2 (6th Cir. June 23, 2000). The district court also granted defendants' motion for summary judgment against Plaintiffs Rodney Kilgore and William Kilgore. In its due process analysis, the district court found that those plaintiffs had not established a property interest in remaining on the tow list that was protected by the due process clause. *See id.* (citing *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014)).

When considering the plaintiffs' First Amendment claim, the district court found that the plaintiffs had engaged in constitutionally protected conduct by reporting the inappropriate comments allegedly made, *see id.* at 19 (citing *Bonnell v. Lorenzo*, 241 F.3d 800, 811-23 (6th Cir. 2001), and that plaintiffs had suffered an adverse action when their wrecker service was removed from the towing list, *see id.* at 21 (citing *Lucas v. Monroe County*, 203 F.3d 964, 973-74 (6th Cir. 2000); however, the district court determined that the plaintiffs had failed to establish a causal connection between the protected speech and the adverse action. *See id.* at 22 (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 737 (6th Cir. 2006)).

Having carefully considered the record on appeal and the briefs of the parties, we conclude that the district court's order thoroughly and accurately sets forth the relevant facts and governing law and clearly articulates the reasons underlying its decision. Because the issuance of a full opinion would be duplicative and serve no further jurisprudential purpose, we **AFFIRM** the judgment and adopt the district court's order in full as this court's opinion.